**James THOMAS, Plaintiff-Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.**

No. 253, Docket 24296.

United States Court of Appeals
Second Circuit.

Argued March 30, 1960.

Decided April 22, 1960.

Bromsen & Gammerman, Stanley M. Goldberg, New York City, for plaintiff-appellant.

Conboy, Hewitt, O'Brien & Boardman, New York City (Thomas V. McMahon, New York City, of counsel), for defendant-appellee.

Before WATERMAN and BARNES,[1] Circuit Judges, and SMITH, District Judge.

PER CURIAM.

Appellant is the plaintiff in an action for personal injuries brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-60, in the Southern District of New York and tried to a jury. The jury returned a general verdict in favor of the defendant. Plaintiff's appeal is confined to a single contention.

On cross-examination, over the objection of plaintiff's counsel, plaintiff was asked the following question: "How many accidents have you had altogether on the railroad?" After answering this question plaintiff answered, without objection, further questions relating to various accidents he had had in railroad employment.

We need not decide whether this question was proper to elicit evidence of plaintiff's "habits," see the various opinions in Cereste v. New York, New Haven & Hartford R. Co., 2 Cir., 1956, 231 F.2d 50, certiorari denied 351 U.S. 951, 76 S.Ct. 848, 100 L.Ed. 1475. Nor are we required to reach any decision as to whether counsel properly preserved his initial objection. These issues are not reached for it is clear that no error was

---

1. Of the Ninth Circuit, sitting by designation.

committed when the trial judge allowed the cross-examiner's question to be answered. On direct examination plaintiff had testified somewhat vaguely to previous injuries he had sustained that were similar to the injuries for which he was then seeking damages. Plaintiff was a railroad employee, and this testimony was interpretable as referring to injuries sustained in railroad employment. Therefore, the subject having been opened on direct examination, it was permissible for defendant's counsel on cross-examination to pursue the subject further.

Affirmed.